**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 06-1596**

─────────

WEST VIRGINIA HIGHLANDS CONSERVANCY, INCORPORATED,

Plaintiff - Appellant,

versus

DIRK KEMPTHORNE, Secretary of the Department
of the Interior,

Defendant - Appellee.

─────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Elkins. Frederick P. Stamp, Jr.,
District Judge. (2:05-cv-00011-FPS)

─────────

Argued: November 30, 2006          Decided: March 13, 2007

─────────

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

─────────

Affirmed in part and vacated and remanded in part by unpublished
opinion. Judge Shedd wrote the opinion, in which Judge King and
Senior Judge Hamilton joined.

─────────

**ARGUED:** Walton Davis Morris, Jr., Charlottesville, Virginia, for
Appellant. Kathryn E. Kovacs, UNITED STATES DEPARTMENT OF JUSTICE,
Environment & Natural Resources Division, Appellate Section,
Washington, D.C., for Appellee. **ON BRIEF:** Wayne A. Babcock, Field
Solicitor, UNITED STATES DEPARTMENT OF THE INTERIOR, Pittsburgh,
Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

West Virginia Highlands Conservancy, Inc. ("Conservancy") filed a "Complaint and Petition for Judicial Review" in the district court, seeking review of the decision of the Secretary of the Department of the Interior ("Secretary").[1] The district court granted summary judgment in favor of the Secretary, and the Conservancy now appeals. For the reasons set forth below, we affirm in part and vacate in part, and we remand for further proceedings consistent with this opinion.

I

This case concerns a West Virginia surface coal mine operated by LaRosa Fuel Company, Inc. ("LaRosa"). In 1979, West Virginia issued a permit to LaRosa outlining the conditions for the operation of the mine. When LaRosa ceased active mining operations in 1980, it sought and received a release of this permit through the appropriate state authorities. The Secretary and the Conservancy both contend that between the time LaRosa discontinued mining and September 1992, an unlawful amount of acid mine drainage began leaching into the surrounding waterways. In September 1992,

---

[1]The Interior Board of Land Appeals ("Board") exercises the authority of the Secretary in matters pertaining to the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. §§ 1201-1328, and certain regulations at issue in this case. Thus, we review herein the actions of the Board, acting on behalf of the Secretary, which prompted the Conservancy's complaint and petition for review.

the Conservancy filed a citizen complaint with the Office of Surface Mining ("OSM"), requesting federal inspection of the mine and appropriate enforcement action to ensure abatement of the unlawful discharge. OSM sent the West Virginia Department of Environmental Protection ("WVDEP"), the state agency that OSM believed had jurisdiction over the mine, a ten-day notice, notifying it of the alleged violations occurring at the mine. WVDEP refused to take any enforcement action, stating that LaRosa's permit had been released. This refusal ultimately led to a federal inspection by the OSM field office in Charleston, West Virginia ("Field Office").

Following its inspection in early 1993, the Field Office issued a "Notice of Violation" to LaRosa, followed by a "Failure to Abate Cessation Order." LaRosa filed for agency review of these citations.[2] For more than a year after the Failure to Abate Cessation Order issued, OSM took no further action against LaRosa, despite the alleged continued violations. In 1994, the Conservancy filed a request with the Assistant Director of OSM ("Assistant Director") for an informal review of the inaction of OSM, seeking to compel OSM to pursue enforcement action against LaRosa. The Conservancy alleged that such action was required by 30 C.F.R. §

_____

[2]The review of the jurisdictional basis for both the Notice of Violation and the Failure to Abate Cessation Order is still pending in the hearings division of the Department of the Interior. The pendency of this review gives rise to the ripeness issues discussed herein.

4

845.15(b)(2). In its request for informal review, the Conservancy stated two grievances: (1) OSM failed to take proper enforcement action against LaRosa following LaRosa's apparent disregard for the Notice of Violation and Failure to Abate Cessation Order; (2) OSM should issue an additional notice of violation to LaRosa for failing to maintain a National Pollution Discharge Elimination System ("NPDES") permit and failing to complete periodic monitoring and reporting, in violation of the Clean Water Act ("CWA").

After the Conservancy filed its request for informal review with the Assistant Director, the Field Office reinspected the mine and found that the unlawful discharges continued. OSM then immediately filed documentation with the Department of Justice ("DOJ") seeking injunctive relief against LaRosa. A few months after OSM filed its request with the DOJ, the Assistant Director issued his decision in favor of OSM -- and against the Conservancy -- on all counts. First, the Assistant Director determined that the enforcement action taken by OSM, i.e., seeking injunctive relief through the DOJ, satisfied OSM's obligations to the Conservancy as a citizen complainant. Second, the Assistant Director decided that the Conservancy's request for a second notice of violation on the basis of LaRosa's NPDES and CWA violations was subsumed by the original Notice of Violation and Failure to Abate Cessation Order issued by the Field Office. Notwithstanding these findings, the Assistant Director referred the NPDES and CWA issues

5

to WVDEP, the state agency responsible for NPDES and CWA compliance.

The Conservancy appealed the decision of the Assistant Director to the Board. The Board, acting on behalf of the Secretary, affirmed the decision for slightly different reasons than those espoused by the Assistant Director. The Conservancy then filed this action against the Secretary, petitioning the district court for review of the Board's decision. The district court granted summary judgment in favor of the Secretary, and the Conservancy timely appealed to this Court.

II

We review the decision of the district court de novo. Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002). Pursuant to the Administrative Procedure Act ("APA"), we will affirm an agency decision unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Further, the APA mandates that we afford substantial deference to an agency's interpretation of its own regulations. Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994). We will not reverse any agency determination unless it is plainly erroneous or inconsistent with the regulation being interpreted. Id. In reviewing the Board's decision, we address in turn the two

issues initially raised by the Conservancy in its request for informal review submitted to the Assistant Director.

A.

The first issue raised in the Conservancy's request for informal review is whether seeking injunctive relief through the DOJ was sufficient to satisfy the statutory and regulatory obligations placed on OSM. The Federal Regulations require OSM to pursue appropriate enforcement action if a violation continues more than 30 days after a notice of violation or a cessation order. 30 C.F.R. § 845.15(b)(2). Such appropriate enforcement action must be either a fine up to $10,000 or imprisonment up to 1 year; revocation of relevant permits; or a request to the DOJ for an action seeking injunctive relief. Id. Though OSM sought injunctive relief through the DOJ, the Conservancy argues that OSM is required to pursue every alternative enforcement action until abatement occurs.

However, the Conservancy ignores an essential predicate to OSM taking any enforcement action whatsoever. Specifically, § 845.15(b)(2) presupposes that OSM properly issued a notice of violation or a cessation order. Of course, OSM cannot properly issue a notice of violation or a cessation order without jurisdiction over the alleged violator. Thus, if OSM did not have jurisdiction to issue the original Notice of Violation and Failure

7

to Abate Cessation Order, it also necessarily lacks jurisdiction to take any enforcement action with respect to LaRosa's alleged violations.

We hold that the issue of the adequacy of the enforcement action pursued by OSM is not ripe for review. "Ripeness depends on 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" Bituminous Coal Operators' Ass'n v. Secretary of the Interior, 547 F.2d 240, 244 (4th Cir. 1977) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967)). A necessary element of fitness for judicial decision is the finality of the agency decision below. West Virginia Highlands Conservancy, Inc. v. Babbitt, 161 F.3d 797, 800 (4th Cir. 1998). Such an agency decision must not be contingent upon a future uncertainty or intervening agency ruling. Id.

The issue of whether OSM should have pursued alternative enforcement action against LaRosa is plainly contingent upon a currently undecided matter. LaRosa's applications for review of the jurisdictional bases for the Notice of Violation and Failure to Abate Cessation Order were still pending at the time the Board issued its decision. Furthermore, according to counsel for the Conservancy at oral argument, LaRosa continues to contest the Field Office's jurisdiction over the mine. If an appropriate agency body determines that the Field Office lacked jurisdiction to issue the original Notice of Violation and Failure to Abate Cessation Order,

then OSM's jurisdiction to pursue any enforcement action -- alternative or otherwise -- does not exist. Thus, the outcome of LaRosa's ongoing jurisdictional challenge before the hearings division could make the decision of the Board advisory. Therefore, the agency decision below is not final, and the outcome of the jurisdictional dispute could effectively moot the controversy before this Court. Accordingly, the matter is not ripe for our review.

## B.

The second issue raised in the Conservancy's request for informal review is whether additional alleged violations necessitated OSM's issuing another notice of violation to LaRosa.[3] The Conservancy noted two additional grounds that it believed warranted a second notice of violation: (1) LaRosa's failure to maintain a NPDES permit, as required by section 402 of the CWA, 33 U.S.C. § 1342; and (2) LaRosa's failure to monitor and report ongoing water discharges in violation of section 308 of the CWA, 33 U.S.C. § 1318. Though the Assistant Director believed these violations were "effectively subsumed under" the original Notice of

---

[3]Although the district court's order only briefly addressed it, this issue was implicitly resolved against the Conservancy when the district court granted summary judgment entirely in favor of the Secretary. Further, because the Assistant Director referred this matter to state authorities, OSM's jurisdiction is not at issue. Thus, this issue is ripe for our review.

Violation discussed above, he nonetheless referred the alleged additional violations to WVDEP, which administers NPDES compliance in West Virginia. J.A. 61. The Board concluded that the additional allegations made by the Conservancy, if true, were not subsumed by the original Notice of Violation. However, because the Board expressed uncertainty as to whether LaRosa had complied with the relevant NPDES and CWA requirements, it affirmed the Assistant Director's decision to refer the matter to WVDEP.

On appeal, neither party contests the assumptions of the Assistant Director and the Board that WVDEP oversaw these aspects of NPDES and CWA compliance in West Virginia. Because WVDEP administered these programs, neither the Assistant Director nor the Board was in a position to determine whether LaRosa had complied with the relevant regulations. Therefore, we hold that the Board's decision to affirm the Assistant Director's referral to the appropriate state authorities is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

III

Accordingly, we affirm summary judgment on the issue relating to referral of the NPDES and CWA violations to WVDEP. However, we vacate summary judgment on the issue relating to OSM's pursuit of appropriate enforcement action against LaRosa, and we remand the

10

case to the district court with instructions to dismiss this claim because it is not ripe for review.

<u>AFFIRMED IN PART AND VACATED AND REMANDED IN PART</u>